# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 20-1249**

**September Term, 2021**

FILED ON: MARCH 28, 2022

AMERICAN MUNICIPAL POWER, INC., ET AL.,
PETITIONERS

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

AMERICAN ELECTRIC POWER SERVICE CORPORATION, ET AL.,
INTERVENORS

Consolidated with 21-1011

On Petitions for Review of Orders
of the Federal Energy Regulatory Commission

Before: TATEL and PILLARD, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

## J U D G M E N T

This case was considered on the record from the Federal Energy Regulatory Commission and on the briefs of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the petitions for review be dismissed.

This case involves a challenge to the Commission's approval of revisions to the open access transmission tariff that governs transmission service within the PJM Interconnection. *See Appalachian Power Co.*, 170 FERC ¶ 61,196 (2020) (accepting tariff revisions); *Appalachian Power Co.*, 173 FERC ¶ 61,157 (2020) (addressing arguments raised on rehearing). Entities that own transmission facilities within the interconnection ("Transmission Owners") proposed adding to the PJM tariff Attachment M-4, which provides planning procedures for a limited subset of supplemental transmission projects. After the Commission approved the attachment, several

developers, energy providers, and governmental entities petitioned for review. Petitioners, however, fail to establish standing to challenge the Commission's orders.

The "irreducible constitutional minimum" of standing consists of three elements: injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The party invoking the federal courts' jurisdiction bears the burden of establishing each of those elements[.]" *Utility Workers Union of America Local 464 v. FERC*, 896 F.3d 573, 577 (D.C. Cir. 2018). "Where, as here, a case comes to us on a petition directly from an agency," the petitioner "must support each element of its claim to standing by affidavit or other evidence, including whatever evidence the administrative record may already contain." *Id.* (internal quotation marks omitted).

Petitioners assert in their opening brief that the Commission's approval of Attachment M-4 harms them in four ways. The Commission challenges all four, but in their reply brief Petitioners continue with only two claimed injuries: (1) that Attachment M-4 will deny Petitioners the opportunity to compete for transmission projects and (2) that Attachment M-4 will increase rates for consumers.

Because their alleged injuries are "not self-evident[,]" Petitioners must identify in the record evidence sufficient to support these injuries or, if there is none because standing was not an issue before the Commission, submit additional evidence to the court of appeals. *Utility Workers Union*, 896 F.3d at 577–78. Petitioners have done neither. And we "cannot rest on [their] bare assertions" that attachment M-4 will prevent them from competing for transmission projects, that Transmission Owners' use of formula rates will ensure that M-4 projects increase rates for consumers, and that Petitioners represent consumers who will pay transmission rates that include the costs of M-4 projects. *See id.* at 578 ("A petitioner seeking our direct review of agency action cannot rest on bare assertions[.]"); *Sierra Club v. EPA*, 292 F.3d 895, 901 (D.C. Cir. 2002) ("[W]e require more than representations of counsel in order to establish . . . standing."); *see also U.S. Telecom Ass'n v. FCC*, 295 F.3d 1326, 1331 (holding that petitioners' injury was not "'conjectural or hypothetical'" after examining "affidavits show[ing] that [petitioner's] members [were] ready, willing, and able to compete . . . in providing telecommunications to schools and libraries, and that [a competitor's] subsidy prevent[ed] them from doing so on an equal basis"). Petitioners have thus failed to establish standing to challenge the Commission's orders approving Attachment M-4. Accordingly, we dismiss their petitions for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk